R. E. NASH v. STATE.

160 So. 385.
Division B.
Opinion Filed March 23, 1935.

*T. C. Cork,* for Petitioner;

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant, and *C. A. Avriett,* for Defendant.

PER CURIAM.—This case is before us on writ of certiorari to a judgment of the Circuit Court for Hamilton County affirming the judgment of the County Judge's Court wherein Petitioner Nash was convicted under an information charging the violation of Section 3 of Chapter 8401, Acts 1921, being Section 7424 C. G. L.

The record shows that Nash while driving through Hamilton County on the highway in a motor driven vehicle came into collision on the highway with a certain cow belonging to one Leslie Peeples; that Peeples demanded $40.00 for the killing of the cow, but finally compromised for $20.00. Nash gave a check on Citizens Bank of Clermont. There is no proof that Nash did not have sufficient money on deposit in the bank at the time he gave the check with which to meet the payment of the check. The proof shows conclusively that after giving the check Nash decided that he did not want to pay $20.00 for the cow that was killed by coming into collision with his automobile and he stopped payment on the check. He did not withdraw his funds from the bank. They remained there, so far as the record shows.

The statutes which are alleged to have been violated are penal statutes and must be strictly construed. There is no evidence in the record to show that Nash did not have sufficient funds in the bank to pay the check at the time he drew and delivered it. Neither is there any evidence to show that he withdrew the funds from the bank before the check was presented. The statute does not denounce as a crime the act of stopping payment on a check which one has given in good faith, or otherwise, for that matter. As penal statutes must be strictly construed, we cannot hold that within the purview of the statute here under consideration the ordering of payment stopped on the check is withdrawing funds from the bank on which the check was drawn.

There being no evidence to sustain the judgment, the Circuit Court departed from the essential requirements of the law in affirming the judgment. Therefore, the judgment of the County Judge's Court should be quashed.

It is so ordered.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.